[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16475
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01693-CV-VEH-JEO

JOE DANIEL HOLT, JR.,

Plaintiff-Appellant,

versus

KRISTI A. VALLS,
MIKE BLAKELY,
LIMESTONE COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 7, 2010)

Before BLACK, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Joe Daniel Holt, Jr., an Alabama state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint filed under 42 U.S.C. § 1983. In his complaint, Holt alleges that he was deprived of his Fourth Amendment rights when Limestone County, Alabama seized certain of his real and personal property. He further alleges that his due process rights under the United States and Alabama Constitutions were violated when the Limestone County Circuit Court denied his request for transportation to and from the condemnation hearing on the property. This resulted, Holt asserts, in his inability to present evidence at the hearing and in the court entering a default judgment for failure to appear instead of determining whether his property was appropriately seized because of its alleged connection to criminal activity.[1]

The district court dismissed Holt's complaint, finding that the statute of limitations barred his Fourth Amendment claim. That court also found that under the Rooker-Feldman doctrine it lacked jurisdiction to hear his due process claims. On appeal, Holt fails to challenge these rulings and therefore we affirm the district court's dismissal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008)

---

[1]Because of Holt's *pro se* status, we give liberal construction to his complaint and arguments on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "we read briefs filed by *pro se* litigants liberally"); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

If these issues were before us, we would have agreed with the district court. In all cases, we have an obligation to examine whether we have jurisdiction. Here, Holt's due process claims are barred by the Rooker-Feldman doctrine, which provides that lower federal courts lack subject matter jurisdiction over claims in which "state court losers complain[ ] of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). The doctrine derives from the principle that under 28 U.S.C. § 1257 only the U.S. Supreme Court may exercise appellate authority to reverse or modify a state-court judgment. Id. at 291–92, 125 S. Ct. at 1526.

Holt contends that the condemnation proceeding violated his due process rights because he was denied an opportunity to attend the hearing and therefore the court never addressed the merits of whether his property was appropriately seized. It is undisputed that Holt has previously litigated these due process claims in at least one separate lawsuit filed in state court. By filing this lawsuit, what Holt essentially asks us to do is to review the state-court proceedings and give him relief denied in the state court if we were to agree that the condemnation proceedings

3

violated his due process rights. The <u>Rooker-Feldman</u> doctrine does not permit us to do so. Holt may only seek that review from the U.S. Supreme Court, which he sought and did not receive in his state-court lawsuit.

As for Holt's Fourth Amendment claim, we recognize that even if we have jurisdiction to hear that claim it is nevertheless barred by the statute of limitations.[2] "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." <u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir. 2008). In <u>Owens v. Okure</u>, 488 U.S. 235, 249–50, 109 S. Ct. 573, 582 (1989), the Supreme Court held that a state's general or residual statute of limitations governing personal injury actions was the proper statute of limitations to be applied. In Alabama, that statute of limitations is two years. <u>See</u> Ala. Code § 6-2-38(*l*). Because Holt filed this lawsuit on September 15, 2008, more than two years after the alleged unlawful seizure of his property on March 20, 2006, the Fourth Amendment claim he raises is barred by the statute of limitations. <u>See</u> <u>Tello v. Dean Witter Reynolds, Inc.</u>, 410 F.3d 1275, 1288 (11th Cir. 2005) (noting that the granting of a motion to dismiss on statute of limitations grounds is appropriate if it

---

[2]Holt also previously litigated his Fourth Amendment claim in Alabama's courts. Because we find that the statute of limitations applies, we do not address whether Holt's claim is barred under principles of preclusion. Neither will we address whether defendant Valls is entitled to absolute immunity from civil suit as a prosecutor acting within the scope of her duties.

is apparent from the face of the complaint that the claim is time-barred).

For the foregoing reasons, we AFFIRM the dismissal of Holt's complaint.

5